# **HANG & ASSOCIATES, PLLC**
ATTORNEYS AT LAW
136-20 38th Avenue, Suite 10G
Flushing, New York 11354

March 19, 2018

Phillipe Kim, Esq.
Tel : (718) 353-8588
Fax: (718) 353-6288
Email: pkim@hanglaw.com

**VIA ECF**
The Hon. Steven M. Gold
United States District Court
Eastern District of New York
225 Cadman Plaza
Brooklyn, NY 11201

        Re:    Liu v. William Wang Medical, P.C., and William C. Wang
                  Case No. 1:17-cv-4594-(WFK)(SMG)

Dear Judge Gold:

      Plaintiff Jincheng Liu ("Plaintiff," or "Plaintiff Liu,") and William Medical, P.C. and William C. Wang (collectively "Defendants") respectfully request that Your Honor approve the settlement reached in this matter. A copy of the proposed settlement agreement is annexed herein as **Exhibit A**.

      **Settlement Amount**

      Both parties believe that the settlement amount is fair and reasonable. This action was originally brought by Plaintiff for alleged unpaid minimum wages, overtime wages, failure to give a wage notice at time of hire, and failure to provide paystubs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL").

      Plaintiff Liu alleged that he was formerly employed as a massage worker for William Medical, P.C., a medical office owned by Defendants. Defendants hired Plaintiff from June of 2011 until July 15, 2017. Plaintiff alleged that from August of 2013 until July 5, 2017, he worked between 47-56 hours per week and was promised to be paid a base salary of $50 plus commission. However, Plaintiff further alleges he received no base pay and was paid solely on commission which averaged to $80-$90 per day. Finally, on July 6, 2017, Defendants began to pay Plaintiff at a fixed daily salary of $50 for all hours worked.

If Plaintiff was to prevail on all of his FLSA claims, his unpaid wages and overtime premiums, inclusive of liquidated damages, would total approximately $26,474.64. Plaintiff is confident that he can prove his allegations through witness testimonies and documentary evidence. However, during the course of settlement negotiations, Defendants noted that the business is facing great financial hardship and Defendants vehemently deny that Plaintiff worked anywhere near the hours he alleges in his Complaint.

Nevertheless, the parties agreed on the settlement amount of $15,000.00 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions.

The gross settlement amount is $15,000.00, inclusive of Plaintiff's counsel's attorneys' fees and costs of $5,500.00 with settlement payments to Plaintiff of $9,500.00. The attorney's fees and costs are allocated as follows: $4,750.00 for fees, and $750.00 for costs. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged failure to pay unpaid minimum wages, overtime wages, failure to reimburse for expenses relating to tools of the trade, failure to give a wage notice at time of hire, and failure to provide paystubs. This amount also considers the costs and the uncertainty of protracted litigation. This settlement was reached after extensive negotiations between the parties and the parties agree that the settlement is fair and reasonable.

**Attorney's Fees**

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to our firm's agreement with the Plaintiff, the firm will be reimbursed $750.00 in filing fees, costs, and retain 1/3 of the remaining settlement amount of $15,000.00 as attorneys' fees, which is $4,750.00 as set forth in Paragraph 1(a) of the Settlement Agreement. Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015). Therefore, as 1/3 is standard practice in FLSA claims, it is a fair number for this matter as well.

Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contact disputes. While the majority of Hang & Associates' plaintiff-side work is contingency based, Hang & Associates typically calculates its attorney fees based on its hourly rate. Mr. Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. He

currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, his hourly rate of $400 per hour is reasonable. The associate's rate is $325 per hour. Hang & Associates have worked on this case since its onset, including interviewing the client, filing the complaint, arranging service, negotiating settlement, and preparing for default judgment. Had Hang & Associates, PLLC have been charging Plaintiff on hourly basis, the fees would be greater or at least equal to $4,750.00. Hang & Associates therefore respectfully request that the Court approve the attorney fees and costs of $5,500.00.

Plaintiff's Counsel and Defendants respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

 */s/  Phillip H. Kim*
Phillip H. Kim, Esq.