UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JINCHENG LIU, on behalf of himself and others similarly situated,

                Plaintiff,

    - against -

                                  Case No. 17-cv-4594

WILLIAM WANG MEDICAL, P.C.,
and WILLIAM C. WANG

                Defendants.

## SETTLEMENT AGREEMENT AND RELEASE

    WHEREAS, Jincheng Liu (hereinafter, "Plaintiff") commenced an action against William Wang Medical, P.C., and William C. Wang, (each singularly hereinafter referred to as "Defendant," and collectively hereinafter referred to as "Defendants") on or about August 7, 2017, in the United States District Court for the Eastern District of New York (hereinafter, the "Court"), presently bearing Case Number 17-CV-4594 (hereinafter, the "Action") alleging violations of the Fair Labor Standards Act ("FLSA"), New York Labor Law ("NYLL"), and related regulations;

    WHEREAS, Defendants deny Plaintiff's allegations, and contend that Plaintiff's allegations are unfounded and lack merit;

    WHEREAS, Plaintiff and Defendants (each singularly hereinafter referred to as a "Party," and collectively hereinafter referred to as "Parties") desire to fully and finally resolve and settle in full all wage and hour claims that any Plaintiff have, had, or may have against Defendants by way of this Settlement Agreement and Release ("Agreement");

    WHEREAS, Plaintiff's counsel and Defendants' counsel have negotiated in good faith to reach a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's respective claims, Defendants' respective defenses, and the *bona fide* dispute between the Parties;

    NOW, THEREFORE, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, and incorporating the above "Whereas" clauses in this Agreement, the Parties agree as follows:

1

1. **Payment**

   (a) In full and final satisfaction of all issues between the Parties, Defendants shall pay to the Plaintiff the sum of Fifteen-Thousand Five Hundred Dollars and Zero Cents ($15,000.00) (the "Settlement Sum"). The Settlement Sum shall be allocated as follows:

       a) $9,500 to "Jincheng Liu".

       b) $5,500 to "Hang & Associates, PLLC" including $4,750 for attorneys' fees and $750.00 for filing fees, expenses and costs.

   (b) On or before March 15, 2018, Defendants shall deliver to Hang & Associates, PLLC, 136-20 38th Avenue, Suite 10G, Flushing, NY 11354, a check in the amount of $15,000, without any deductions or withholdings, payable to "Hang & Associates, PLLC".

   (c) Hang & Associates, PLLC shall be responsible for distributing the Settlement Sum to Plaintiff. If the settlement amounts are received before the court approves the settlement agreement, the settlement amount is to be held in Plaintiff's counsel's escrow account pending court approval.

   (d) The Settlement Sum shall be paid to Plaintiff in exchange for full and complete settlement of any and all wage and hour claims or potential wage and hour claims between the Parties, including but not limited to those arising from, involving, or relating to Plaintiff's claims in the Action, including any and all claims for damages, liquidated damages, compensatory or punitive damages, injunctive relief, attorneys' fees, expenses and costs.

2. **Wage & Hour Release by Plaintiff**

   In consideration of the promises, payments and actions of Defendants set out in this Agreement and other good and valuable consideration, the receipt of which is hereby acknowledged, Plaintiff, with respect solely and only to conduct that has arisen on, or prior to, the date this Agreement is executed, fully and forever releases, relieves, waives, relinquishes, and discharges Defendants from all actions, causes of action, suits, debts, dues, liabilities, obligations, costs, expenses, sums of money, controversies, accounts, reckonings, liens, bonds, bills, specialties, covenants, contracts, agreements, promises, damages, judgments, executions, claims and demands concerning wage and hour matters including any and all claims arising under the Fair Labor Standards Act, the New York Labor Law, and the Wage Theft Prevention Act, as well as claims for overtime, commissions, unpaid wages, whether based on common law or otherwise, and all claims for improper deductions, travel time, spread of hours pay, bonuses, expense reimbursements, gratuities, tip credits, tip allowances, service charges and retained gratuities during Plaintiff's employment with Defendants and any other compensation or wages. This release is limited solely and only to wage and hour claims that have arisen on, or prior to, the date this Agreement is executed and transmitted to counsel for Defendants and it does not release or discharge any wage or hour claims that may occur after that date, or any non-wage and hour claims.

4. **Judicial Review/Dismissal of the Complaint**

Contemporaneously with the execution of this Agreement, the Parties, by themselves or by their respective counsel, shall execute a Stipulation and Order of Dismissal (annexed hereto as Exhibit A) dismissing the Action with prejudice, which Stipulation and Order shall expressly provide that, with the Court's consent, the Court shall retain jurisdiction over this matter solely for purposes of enforcement of this Agreement. The parties agree to submit this Agreement, together with the proposed Stipulation and Order of Dismissal, to the Court for Judicial review and approval.

5. **Non-Admission**

(a) This Agreement does not constitute an admission that Defendants have violated any law, committed any tort, breached or committed any wrongdoing whatsoever, and Plaintiff expressly acknowledges that Defendants continue to deny any wrongdoing arising out of Plaintiff's employment and separation thereof.

(b) Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of Defendants that Plaintiff have suffered any damage. Additionally, the Parties agree that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

6. **Attorneys' Fees**

Except as set forth herein, Plaintiff and Defendants expressly agrees to bear their own attorneys' fees, costs and disbursements incurred in this litigation. No party shall be responsible or liable for the payment of any attorneys' fees for the other party except as set forth herein.

7. **Acknowledgment**

Plaintiff acknowledges that they are receiving consideration under this agreement to which they are not otherwise entitled. Plaintiff acknowledges that he was represented by counsel of his choosing throughout the negotiation and the execution of the Agreement. Plaintiff further represents that he had sufficient opportunity to consider this Agreement; that he read this Agreement and/or had this Agreement explained to him fully and carefully and understand its terms; and that he is signing it knowingly and voluntarily.

03/14/2018 11:33AM FAX                                                                  ☑0001/0001

8. **Oral Modifications Prohibited**

This Agreement represents the entire agreement between Plaintiff and Defendants with respect to the Action. This Agreement cannot be amended, supplemented, or modified nor may any provision be waived, except by a written instrument executed by or on behalf of the party against whom enforcement of any such amendment, supplement, modification or waiver is sought.

9. **Choice of Law**

This Agreement shall be governed by the law of the State of New York, without regard to the choice-of-law or conflicts-of-law principles of any jurisdiction.

10. **Effective Date**

This Agreement shall become effective immediately upon the Parties' execution.

11. **Counterparts**

This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one (1) Agreement.

12. **Facsimile and Email Signatures.**

Any party may execute this Agreement by signing on the designated signature block below and transmitting or causing to be transmitted that signature page via facsimile or email to counsel for the other party. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

13. **Severability.**

The invalidity or unenforceability of any provisions of this Agreement shall not affect the validity or enforceability of any other provision of this Agreement, which shall remain in full force and effect.

DATED: 3/2/2018

Signature: _LIU JIN. CHENG_
           Jincheng Liu

Signature: _____
           William Wang Medical, P.C.

Name & Title: _President_

DATED: 3/8/2018

4

DATED: 3/9/2018

Signature: _____
William C. Wang

5